**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-7928**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANNY CARLTON GRIPPER,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:03-cr-00004)

---

Submitted: March 30, 2007        Decided: April 16, 2007

---

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

---

Vacated and remanded with instructions by unpublished per curiam opinion.

---

Danny Carlton Gripper, Appellant Pro Se. Donald David Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danny Carlton Gripper appeals the district court order denying his "Motion: To have court ordered restitution paid as ordered by the court." We vacate the district court's order and remand for further proceedings as set forth below.

Gripper was convicted of bank robbery, use and carry of a firearm during a crime of violence, and possession of a firearm by a convicted felon. In addition to imposing a 156-month sentence and a five-year term of supervised release, the district court ordered Gripper to pay restitution of $2100. In his motion, Gripper asserts that the BOP improperly set up a payment schedule through the inmate financial responsibility program in direct conflict with Gripper's judgment, which stated that the restitution shall be paid immediately, or in installments after his release from prison.

Gripper's motion challenges the implementation of the restitution portion of his sentence. We therefore conclude the district court should have construed Gripper's motion as a petition for habeas corpus relief under 28 U.S.C. § 2241 (2000). A § 2241 petition, however, must be brought in the district in which the petitioner is incarcerated, see In re Jones, 226 F.3d 329, 332 (4th Cir. 2000), and Gripper is presently incarcerated in Atlanta, Georgia. Accordingly, we vacate the district court's order and remand for the district court to construe the filing as a § 2241

petition and to determine whether transferring the petition to the proper federal district court would serve the interests of justice, see 28 U.S.C. § 1631 (2000), or whether the action should be dismissed without prejudice to allow Gripper the opportunity to file his action in the appropriate district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED
WITH INSTRUCTIONS
